UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE FLINT PLUMBING AND
PIPEFITTING INDUSTRY HEALTH CARE FUND, et al.,

    Plaintiffs,

vs.

    Case No. 07-CV-14443
    HON. GEORGE CARAM STEEH

PREMIER PLUMBING & HEATING, INC., et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (# 27)

Plaintiffs Trust Funds move for reconsideration of this court's June 27, 2008 Order granting defendants Ryan Allen's and Premier Plumbing and Heating, Inc.'s motion to disqualify plaintiffs' Counsel Spender & Robb, P.C. ("S&R Firm") because Attorney Mark Ross of the S&R Firm represented Allen in a prior divorce proceeding. The court issued the June 27, 2008 Order following a June 23, 2008 hearing on the motion.

In moving for reconsideration, plaintiffs Trust Funds argue the court sua sponte raised the issue that the S&R Firm may have obtained confidential information about Allen's personal assets in the divorce proceeding that could be used against Allen here in a post-judgment collection proceeding. Trust Funds argue that, pursuant to the Michigan divorce proceedings, Allen was required by law to disclose all of his personal and business assets, that these asset disclosures are not subject to an attorney-client privilege, and that Allen's asset disclosures are now public information. Trust Funds continue that, under Michigan Rule of Professional Conduct (MRPC) 1.6, Attorney Ross himself was obligated to disclose

any assets not disclosed by Allen. Trust Funds assert that the S&R Firm could not have obtained any additional non-disclosed confidential information regarding Allen's assets because Allen acknowledged in the Judgement of Divorce that he had disclosed all of his assets. Trust Funds note that Allen allegedly failed to disclose his interest in Premier Mechanical during the divorce proceedings, the topic of a contempt proceeding currently pending in state court. Trust Funds assert that Allen is not entitled to conceal his assets in a post-judgment proceeding by claiming attorney-client privilege.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead, but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Trust Funds have failed to demonstrate palpable error, conflating the legal duties to disclose assets under state divorce laws and the evidentiary attorney-client privilege with the ethical duties owed by attorneys practicing in Michigan. Attorneys practicing in the Eastern District of Michigan are subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court. See E.D. Mich. LR 83.20(j) and 83.22(b). MRPC 1.9(a) provides in relevant part:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially the same matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

The substantial relationship test of MRPC 1.9(a) is satisfied if there is a common factual question between the lawsuits, or a substantial relationship between the evidence in the

2

two cases. Anchor Packing Co. v. Pro-Seal, Inc., 688 F.Supp. 1215, 1220, 1221 (E.D. Mich. 1988) (Cook, J.). A common factual question regarding Allen's personal assets is shared by Allen's state court divorce proceeding and this lawsuit. Having satisfied the "substantial relationship test" of MRPC 1.9(a), the presumption arises that Attorney Ross would use confidential information he acquired about Allen in the divorce proceeding in this lawsuit consistent with his duty to vigorously pursue his new client's interests. Id at 1221. Allen and Premier Plumbing were not required to prove an actual acquisition of confidential information. In re Marks & Goergens, Inc., 199 B.R. 922, 925 (E.D. Mich. 1996) (distinguishing Dana Corp. v. Blue Cross & Blue Shield, 900 F.2d 882 (6th Cir. 1990) by noting that MRPC 1.9(a) does not require an actual acquisition of confidential information). Dana Corp, relied upon by Trust Funds as requiring proof of an actual acquisition of confidential information, was on appeal from an Ohio district court, Dana Corp., 900 F.2d at 884, and is inapplicable here.

With respect to the S&R Firm, MRPC 1.10 provides:

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule] . . . 1.9(a)[.].

Attorney Ross is prohibited from representing the Trust Funds by operation of MRPC 1.9(a). Pursuant to MRPC 1.10(a), the S&R Firm is prohibited from representing the Trust Funds in this lawsuit. These rulings under the MRPC are independent of Allen's and Attorney Ross's duties to disclose assets in a divorce or post-judgment proceeding, and independent of the evidentiary rule of attorney-client privilege.

As pointed out by the court at the June 23, 2008 hearing, it is probable that Attorney Ross will become a fact-witness in this lawsuit. Whether Attorney Ross, Allen, or both

knowingly failed to disclose Allen's personal assets remains the subject of Allen's post-judgment divorce proceedings. Under the totality of the circumstances, the court properly disqualified the S&R Firm from representing the plaintiffs Trust Funds in this lawsuit against Allen and his company Premier Plumbing. Accordingly,

Plaintiffs' motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: July 23, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 23, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk